BRITT, District Judge,
dissenting in Parts III and IV and in the judgment:
The majority attempts to paint a clear picture with a dry brush. To find that Gavin had grave conflicts in his pretrial representation of Tatum is one matter. Indeed, the government readily concedes as much. However, I cannot conclude from a barren record that Gavin’s conflicts inevitably tainted Kemp’s representation of Tatum at trial. The existing record does not disclose the nature and degree of the assistance provided by Gavin to Kemp at trial. That Gavin sat at counsel table is of no significance in and of itself because this was a bench trial in which the trial judge was keenly aware that Kemp, not Gavin, was Tatum’s counsel.
The majority opinion creates several questions in my mind. Would it have come to a different conclusion if Gavin sat behind, instead of at, counsel table? Or if he sat in the spectator section? Or if, perhaps, he made himself available by telephone at recess breaks? In my view, the majority opinion stands for the proposition that so long as Gavin made himself available to Kemp in an easily accessible manner, his taint necessarily passed to Kemp. If this is so, it is difficult to envision a situation in which counsel with a conflict can ever successfully pass a case onto new counsel.
I also read the majority opinion to stand for the proposition that when a case is passed over from counsel with a conflict to new counsel, the latter is precluded from asking the former questions about the factual nature of the case and the proceedings which occurred prior to the passing of the baton. I find this proposition troubling. *383 First, like it or not, the former counsel will probably have the best understanding of both the factual nature of the case and the prior proceedings. New counsel is unlikely to get the required feel for the case without such contact. Second, it must be assumed that the new attorney is capable of screening the material received from former counsel in light of the conflict and applying the information accordingly. The majority opinion assumes that Kemp was unable to do that without so much as providing him an opportunity to explain his actions.
If there was ever a case that cried out for a collateral evidentiary hearing under 28 U.S.C. § 2255, this is it. Such a proceeding might reveal that Kemp’s representation of Tatum was tainted and that a new trial is therefore required. However, it is equally likely that such a proceeding would reveal that Gavin provided only nominal assistance to Kemp and that Gavin’s conflicts had nothing whatsoever to do with the manner in which Kemp presented Tatum’s defense. The majority now requires this case to be tried again even though the latter scenario may be correct. Moreover, if the latter scenario paints the true picture, not only is Tatum getting a second bite at the apple which he does not deserve, precious judicial time and resources will have been wasted.
I would affirm the district court’s conviction and require Tatum to resort to the procedure that was established for this very situation — a habeas action. I therefore dissent.